IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JED COOPER,

        Plaintiff,

v.

JULIO GARCIA-CASH, et al.

        Defendants.

_____

Civ. No. 6:22-cv-1031-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff, proceeding *pro se*, alleges that Defendant Julio Garcia-Cash violated Plaintiff's rights under 42 U.S.C. § 1983. Upon Defendant's motion to dismiss, Plaintiff filed an amended complaint. The parties repeated these filings, with Defendant ultimately moving to dismiss the current Third Amended Complaint. *See* Def.s' Motion to Dismiss, ECF No. 37. Plaintiff is placed on notice that under federal rule of civil procedure 15, he is required to seek Court approval before filing any future amended complaints.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere

1 – OPINION AND ORDER

possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants argue "that the vague and conclusory claims alleged in Plaintiff's Third Amended Complaint are insufficient to state a claim for relief." Def.s' Mot. Dismiss 2. Seemingly confused by the allegations, Defendants argue "[t]he constant shifting and evolution of Plaintiff's factual allegations and legal theories creates significant confusion and ambiguity in interpreting Plaintiff's Third Amended Complaint. Def.s' Mot. Dismiss 3.

In the initial complaint, Plaintiff only named Julio-Garcia-Cash as a Defendant. Compl. 2; ECF No. 1. The only allegation in that complaint stated: "Acting as a police officer in his official capacity Julio Garcia-Cash Badge #397 of Springfield PD come [sic] onto private property and arrested me, with no warrant." Compl. 4. Plaintiff alleged the unlawful arrest occurred at 2:00 a.m. on October 6, 2020, at 737 1st Street, Springfield, Oregon 97477. Compl. 4. In amended complaints, Plaintiff provided more details. For instance, in his First Amended Complaint, Plaintiff named Peter Kirkpatrick, Brandon Rodgers[1], and Andrew Sheare as Defendants (along with

---

[1] Rogers appears to be an individual Plaintiff believes to be a police informant. Plaintiff has yet to serve Rogers and the Court doubts Rogers qualifies as an individual "acting under color of state law" subject to liability under section 1983.

2 – OPINION AND ORDER

previously-named Defendant Julio Garcia-Cash). Am. Compl. 2-3; ECF No. 14. In this complaint, Plaintiff alleged that Garcia-Cash "acted in bad faith, saying he heard a woman screaming. To create a [sic] Exigent Circumstances [sic] denying me 4th Amendment right" to be secure against unreasonable searches and seizure. Am. Compl. 4. Plaintiff brings a negligent hiring and retention claim against Defendant Sheare and, for Defendant Kirkpatrick, alleges "Negligence act of belittling me and lying over the phone, adding to my PTSD." Am. Compl. 4. Plaintiff alleges Defendant Rodgers invaded Plaintiff's privacy by negligently listening to Plaintiff's conversation with a lawyer. Am. Compl. 4.

Plaintiff attached declarations, providing further context for his claims. There, Plaintiff appears to clarify that he accuses Garcia-Cash of fabricating a story of hearing a woman screaming to justify his warrantless search and seizure of Plaintiff. Am. Compl. 8. Plaintiff alleges Garcia-Cash ran the plates of Plaintiff's van and then arrested Plaintiff at gun point. Plaintiff alleges that once at the station, a supervisor admonished Garcia-Cash, yelling "what the f**k do you mean he wasn't even in the car and you were on private property." Am. Compl. 9. Further, Plaintiff alleges that on the way to the station, in response to Plaintiff's invoking his Fifth Amendment right to remain silent, Garcia-Cash intentionally slammed on the breaks, causing the handcuffed Plaintiff to hit his head against the police vehicle. Plaintiff apparently tried to file a complaint with the Springfield Police Department. Plaintiff alleges Defendant Kirkpatrick responded and urged Plaintiff to drop the complaint.

When Defendants moved to dismiss, Plaintiff filed a Second Amended Complaint. ECF No. 21. Plaintiff included additional allegations. Specifically, Plaintiff alleged:

> At 737 1st St Springfield, OR 97477 the time of 02:00 Am Oct/06/2020 Defendant Julio Garcia-Cash entered private property, he did not have consent to enter the private property, he had not sought consent to enter the private property, he did not have a search warrant permitting him to enter the private property, he had not

3 – OPINION AND ORDER

sought a search warrant, and there were not any exigent circumstances that permitted him to enter the residence without a search warrant.

Sec. Am. Compl. 5.

Plaintiff alleges his arrest at gunpoint constituted excessive force. Plaintiff alleges that despite manufacturing probable cause, Garcia-Cash "instead decided to double down and charge Jed Cooper with a stolen vehicle." Sec. Am. Compl. 5. Although Plaintiff lists the other three Defendants in this Second Amended Complaint, he makes no specific factual allegations regarding any Defendant other than Garcia-Cash.

When Defendants moved to dismiss the Second Amended Complaint, Plaintiff filed a Third Amended Complaint. ECF No. 35. Pending before the Court is Defendants' motion to dismiss this latest complaint. ECF No. 37. Plaintiff alleges Defendants violated his right to be free from: unreasonable searches and seizures; false arrest and detention; excessive force, and "Due Process, Deliberate Fabrication of Evidence." Third Am. Compl. 4. Plaintiff again alleges that Garcia-Cash lied about a woman screaming to manufacture exigent circumstances to seize (and subsequently search) Plaintiff. Third Am. Compl. 5. Plaintiff alleges that because he cooperated with all instructions, Garcia-Cash used excessive force by ordering Plaintiff to the ground at gunpoint.

With respect to the claims against Garcia-Cash, the Court does not agree with Defendants' arguments that Plaintiff's claims are confusing, speculative, and not specific enough to allow Garcia-Cash to mount a defense to the claims. *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the Court's view, and given that Plaintiff proceeds *pro se*, the allegations against Garcia-Cash are specific enough to place Garcia-Cash on notice of the general tenor of Plaintiff's claims. The Court

4 – OPINION AND ORDER

understands Plaintiff to generally allege that because Garcia-Cash manufactured probable cause (by lying about a woman screaming), the entire arrest violated Plaintiff's constitutional rights. Pointing a gun at an unharmed suspect who poses no danger to the officer "can be a violation of the Fourth Amendment, especially where the individual poses no particular danger."[2] *Robinson v. Solano Co.*, 278 F.3d 1007, 1015 (9th Cir. 2002) (*en banc*). Additionally, Plaintiff alleges that Garcia-Cash intentionally slammed on the brakes, intending to cause Plaintiff to hit his head on the patrol car, and that this intentional act constituted excessive force. Finally, Plaintiff argues that Garcia-Cash intentionally charged Plaintiff, apparently for possessing a stolen vehicle, despite knowing he lacked probable cause to arrest or charge Plaintiff for that crime. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Richards v. Co. San Bernadino*, 39 F.4th 562, 569 (9th Cir. 2022) (quoting *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)). While the allegations could be clearer, they are clear enough to put Garcia-Cash on notice of specific claims he will need to defend.

Conversely, the Court is unable to make out any 1983 claims against any of the other Defendants. Plaintiff alleges that "Andrew Sheare is Springfield Police Department, Captain I have emailed him multiple times over this he refuse [sic] to return my calls." Third Am. Compl. 9. The Court is not aware of a constitutional right requiring police officers to return Plaintiff's calls. Additionally, the Court is unable to make out any allegation, even liberally construing Plaintiff's complaint, that any Defendant other than Garcia-Cash took any intentional action to deprive

---

[2] At this stage, the Court must accept the allegations as true and, for the purpose of this opinion, assumes that Garcia-Cash knew Plaintiff was unarmed and drew his firearm despite knowing that Plaintiff posed no threat of danger.

5 – OPINION AND ORDER

Plaintiff of a Constitutional right. The Court therefore concludes Plaintiff fails to state a claim against any Defendant other than Garcia-Cash.

The Court notes that Plaintiff has yet to serve any named Defendant other than Garcia-Cash. If Plaintiff wishes to file amended claims as to Defendants Rodgers, Kirkpatrick, or Shearer, any amended complaint is due within 30 days. If Plaintiff does not file an amended complaint, he will proceed only with the claims against Defendant Garcia-Cash noted above. If Plaintiff wishes to proceed with claims against the other Defendants, in addition to filing an amended complaint within 30 days, Plaintiff should visit the District of Oregon's web page and find assistance with how to appropriately effect service. That web page is: https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself

## CONCLUSION

Defendants' Motions to Dismiss, ECF No 37, is GRANTED in part. The claims against Defendants Kirkpatrick, Shearer, and Rodgers are DISMISSED. If Plaintiff chooses to file an amended complaint as to Defendants Kirkpatrick, Shearer, and/or Rodgers, any amended complaint is due within 30 days.

IT IS SO ORDERED.

DATED this 20th day of April, 2023.

_____/s/ Michael McShane_____
**Michael J. McShane
United States District Judge**